## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | |
|---|---|
| MELISSA JESTER, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.: |
| GEORGIA DEPARTMENT OF CORRECTIONS, | : |
| Defendant. | : |

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Melissa Jester, and bring this action pursuant to Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., and the Georgia Age Discrimination Act (GA Code Sec. 34-6A-2) ("GADA"). Plaintiff alleges that Defendant Georgia Department of Corrections subjected Plaintiff to discrimination based on age, and then subjected her to retaliation after she engaged in protected activities and respectfully shows the Court as follows:

INTRODUCTION

1.

This is an action for declaratory and injunctive relief, and damages sustained by plaintiff in the unlawful termination of her employment by defendants. Plaintiff asserts rights and claims arising under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., and the Georgia Age Discrimination Act (GA Code Sec. 34-6A-2) ("GADA"). The jurisdiction of this court is invoked pursuant to 29 U.S.C. § 626(c), 28 U.S.C. § 1331; and the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts with

the federal claims and are so related to the federal claims as form part of the same case or controversy under Article III of the United States Constitution.

## JURISDICTION AND VENUE

2.

This Court has original jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. §§ 1331 & 1343 and the enforcement provisions of the Georgia Age Discrimination Act (GA Code Sec. 34-6A-2) ("GADA").

3.

The parties reside and the events described below occurred in this district; venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.

The Plaintiff is a citizen of the United States and a resident of Early County, Georgia. At all times relevant to this suit, Plaintiff was employed with Defendant Georgia Department of Corrections and the underlying action occurred in Calhoun State Prison in Calhoun County, Georgia, which is located within this judicial district.

5.

Defendant Georgia Department of Corrections (hereinafter, "Defendant") is a department and political subdivision of the State of Georgia. Defendant may be served by delivering a copy of the Summons and Complaint to its Commissioner, Timothy C. Ward, at Defendant's headquarters, located at 7 Martin Luther King, Jr. Drive, Suite 543, Atlanta, Fulton County, Georgia 30334.

FACTS

6.

Plaintiff is presently 61 years of age. Plaintiff was 60 years of age at the time of her termination, as alleged below.

7.

Plaintiff was employed with Defendant for more than 20 years as the Administrative Assistant to the Warden at Calhoun State Prison .

8.

During her over 20 years of employment, Plaintiff never had any disciplinary actions filed against her and received numerous accolades.

9.

Throughout her employment with Defendant, Plaintiff performed her responsibilities as assistant to the Warden for Defendant with dedication and excellence and was consistently commended for her work.

10.

On or about December 14, 2020, Plaintiff was diagnosed with COVID-19 and was required to quarantine.

11.

On or about December 15, 2020, while Plaintiff was ill with COVID-19, Warden William Steedley contacted Plaintiff and informed her he was having a substantially younger individual with no significant qualifications assume Plaintiff's duties while she would be out on leave with COVID-19. At no point during this conversation did Warden Steedley indicate the change was permanent.

12.

Upon her return to work on or about December 28, 2022, Plaintiff was informed that Warden Steedley assigned a substantially younger individual who had no significant qualifications to assume some of Plaintiff's duties, indicating that a younger person was needed, which was untrue.

13.

On or about December 28, 2020, after being concerned she would be moved to an unsafe position within the prison, Plaintiff delivered a letter to Defendant giving notice of her intent to retire. At the time she submitted her retirement notice, Plaintiff was advised that she was eligible to extend her retirement for an indefinite period of time.

14.

On or about December 29, 2020, Plaintiff submitted her Charge of Discrimination to the Equal Employment Opportunity Commission, alleging that Defendant had discriminated against her because of her age.

15.

Defendant received a copy of Plaintiff's Charge of Discrimination soon thereafter.

16.

Plaintiff was never reinstated to her position as Administrative Assistant to the Warden and was never reassigned a position.

17.

Plaintiff extended her retirement twice and it was approved by Defendant without issue.

18.

Plaintiff attempted to extend her retirement again while her EEOC complaint was pending and it was denied without explanation.

19.

At the time of her termination, Plaintiff was performing her responsibilities with commitment and excellence.

20.

Plaintiff was replaced by a substantially younger individual who was less qualified than Plaintiff.

ADMINISTRATIVE REMEDIES

21.

On or about December 29, 2020, Plaintiff filed her Charge of Age Discrimination with the Equal Employment Opportunity Commission (EEOC) in Atlanta, Georgia. Plaintiff's charge alleged age discrimination in the termination of her employment by Defendant. On November 8, 2021, EEOC issued notice of Plaintiff's right to sue with respect to her charge against the Defendant. Plaintiff has complied with all procedural prerequisites to filing this claim.

FIRST CLAIM FOR RELIEF
Age Discrimination in Violation of the ADEA

22.

Plaintiff hereby incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

23.

At all times pertinent to this action, Plaintiff was within the protected age category, and subject to the protection of the ADEA; her performance was superior to that of the substantially younger employee or employees who assumed her position and duties; and her performance exceeded any reasonable expectations of Defendant.

24.

Defendant discriminated against Plaintiff because of her age, in violation of the ADEA, 29 U.S.C. § 623, in the termination of Plaintiff's employment.

25.

As a proximate result of Defendant's unlawful acts of age discrimination, Plaintiff has suffered substantial damages and is entitled to reinstatement, compensatory damages, liquidated damages and attorneys' fees for her representation herein, pursuant to the ADEA, 29 U.S.C. §626.

SECOND CLAIM FOR RELIEF
Wrongful Discharge in Violation of the Public Policy of Georgia
Against Age Discrimination

26.

Plaintiff hereby incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

27.

The public policy in Georgia, protects employees from age discrimination.

28.

Defendant violated the public policy of Georgia in their termination of Plaintiff's employment because of her age.

29.

As a proximate result of Defendants' discharge of Plaintiff in violation of public policy, Plaintiff has suffered substantial damages, including lost income and benefits; emotional distress and mental anguish; loss of quality of life and reputation; and other damages to be proven at trial.

30.

Defendant has engaged in wrongful and egregious misconduct in violation of Plaintiff's rights which was willful and deceptive, and evinced an intentional and deliberate or reckless

disregard for the rights of plaintiff. Accordingly, plaintiff is entitled to punitive damages in an amount to be determined by the jury.

### THIRD CLAIM FOR RELIEF
Retaliation

31.

It is unlawful for an employer to retaliate against an employee because she has filed a charge or opposed any unlawful employment practice.

32.

After Defendant replaced Plaintiff with a substantially younger individual who had no significant qualifications to assume some of Plaintiff's duties, Plaintiff believed in good faith she had been subjected to unlawful discrimination based on her age.

33.

On or about December 29, 2020, Plaintiff submitted her Charge of Discrimination to the Equal Employment Opportunity Commission, alleging that Defendant had discriminated against her because of her age.

34.

Defendant received a copy of Plaintiff's Charge of Discrimination soon thereafter.

35.

After receipt of the Plaintiff's Charge of Discrimination, Defendant refused to allow Plaintiff to extend her notice of retirement, effectively terminating her.

36.

Defendant will be unable to present any evidence of a legitimate nonretaliatory reason for failing and refusing to allow Plaintiff to extend her notice of retirement.

REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A. That Plaintiff be reinstated to her employment with Defendant;

B. That Plaintiff recover of Defendant compensatory damages to be proven at trial;

C. That Plaintiff recover liquidated damages pursuant to 29 U.S.C. § 626;

D. That Plaintiff recover punitive damages in an amount in the discretion of the jury;

E. That Plaintiff recover the costs of this action, including reasonable attorneys' fees for her representation herein, as provided in 29 U.S.C. § 626;

F. That this Court award pre-judgment and post-judgment interest on all amounts recovered herein; and

G. That this Court grant such other relief as it deems just and appropriate.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues presented herein.

Respectfully submitted, this 4th day of February, 2022.

GARDNER WILLIS PLAIRE & WILSON
Attorneys for Plaintiff

*/s/ Smith N. Wilson*
Smith N. Wilson
State Bar No. 265251

Prepared by:

*/s/ Smith N. Wilson*
Smith N. Wilson
Gardner Willis Plaire & Wilson
1115 W. 3rd Avenue
Albany, Georgia 31707
229-883-2441
Smith.wilson@gwpwlaw.com